PEOPLE, PLAINTIFF AND APPELLEE, *v.* BELMONTE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action for the Violation of Section 383 of the Penal Code.

No. 1303.—Decided December 13, 1918.

INDECENT EXPOSURE—DELIBERATION.—It having been shown that the defendant deliberately exposed his private parts in an imperfectly screened place and there being not the slightest evidence of a wrong motive on the part of the persons who witnessed the indecent exposure, the trial court was justified in finding that they might be or actually were offended and consequently convict the defendant of the offense defined and punished by section 283 of the Penal Code.

ID.—PUBLIC PLACE.—The English text of section 283 of the Penal Code does not require that the crime of indecent exposure must be committed in a public place, but the offense may be committed in "any place," and this was the general law without any special statute.

The facts are stated in the opinion.

Mr. Pedro Timotheé for the appellant.

Mr. S. Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information in this case charged the defendant with having in the Municipal Hospital of San Juan voluntarily and lasciviously exposed his private parts, thus offending various nurses in the hospital. Of the deliberation with which the act was done there can be no doubt. The principal defense consists, as we understand it, in that the nurses in question were voluntarily in the place and were consequently not offended. The statute, section 283 of the Penal Code, makes

guilty of a misdemeanor anyone who wilfully and lewdly "exposes his person or the private parts thereof in any public place, or in any place where there are present other persons to be offended or annoyed thereby."

In Spanish the text reads: "*expusiere su persona o partes pudendas en cualquier sitio público o donde se hallaren presentes otras personas, a quienes tal exposición pudiere ofender o molestar.*"

The proof tended to show that the nurses looked into the imperfectly screened place where the defendant was, one of them having her attention attracted by a noise. Once shown that the defendant deliberately exposed his parts to these women and in the absence of the slightest evidence of a wrong motive on their part, the court had a right to find that they either might be or actually were offended.

As to whether the place was a public one, it should be noticed that the English statute speaks not only of a public place, but the offence may be committed in "any place." And this was the general law without any special statute. 8 R. C. L. 347.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.